OPINION *Page 2 
{¶ 1} Defendant-appellant Sekou M. Imani appeals the March 12, 2008 Entry entered by the Muskingum County Court of Common Pleas, which sentenced Appellant to a term of imprisonment of ten months after Appellant pled guilty to one count of possession of drugs (ecstasy), in violation of R.C. 2925.11(A). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On October 18, 2007, the Muskingum County Grand Jury indicted Appellant on the aforementioned charge. Appellant appeared before the trial court for arraignment on October 24, 2007, and entered a plea of not guilty to the charge. The trial court continued bond as previously set in the amount of $20,000 cash, property or surety. The trial court subsequently issued a bench warrant for Appellant's arrest after he failed to abide by the conditions of his bond. Following Appellant's arrest on the bench warrant, the trial court increased bond to $100,000, cash, property or surety.
 {¶ 3} Appellant appeared before the trial court on January 30, 2008, and withdrew his former plea of not guilty and entered a plea of guilty to the Indictment. Pursuant to a negotiated plea, the State recommended the trial court sentence Appellant to a period of six months imprisonment. The trial court conducted a Crim. R. 11 colloquy with Appellant. The trial court orally advised Appellant he was waiving his constitutional right to a trial by jury. Appellant also executed a change of plea form which also provided he was giving up his constitutional right to a trial by jury. The trial *Page 3 
court did not, however, advise Appellant he was waiving his right to a unanimous jury. The change of plea form did not include notice to Appellant he was waiving this right. Via Entry filed January 31, 2008, the trial court accepted Appellant's plea of guilty, finding he knowingly, intelligently, and voluntarily waived his constitutional rights. The trial court deferred sentencing pending the completion of a presentence investigation.
 {¶ 4} Appellant appeared for sentencing on March 10, 2008. The trial court noted it had considered the record, all statements, any victim impact statement, the presentence report, the plea recommendation, as well as the principles and purposes of R.C. 2929.11 balanced against the seriousness and recidivism factors under R.C. 2929.12, and determined it could not follow the State's recommendation. Thereafter, the trial court sentenced Appellant to a period of imprisonment of ten months with credit for time served. The trial court ruled Appellant was not to be considered for intensive program prisons or for transitional control. The trial court memorialized its sentenced via Entry filed March 12, 2008.
 {¶ 5} It is from this sentence Appellant appeals, raising as its sole assignment of error:
 {¶ 6} "I. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS AS HIS PLEA WAS UNKNOWING, UNINTELLIGENT AND INVOLUNTARY."
 {¶ 7} This case comes to us on the accelerated calendar governed by App. R. 11.1, which states the following in pertinent part:
 {¶ 8} "(E) Determination and judgment on appeal *Page 4 
 {¶ 9} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 10} The decision may be by judgment entry in which case it will not be published in any form."
 I {¶ 11} In his sole assignment of error, Appellant contends the trial court violated his constitutional right to due process because the trial court failed to advise Appellant of his right to an unanimous jury; therefore, his plea was not knowingly, intelligently and voluntarily made.
 {¶ 12} This Court has recently addressed the identical argument inState v. Williams (July 31, 2008), Muskingum App. No. 2008-0001, unreported.
 {¶ 13} For the reasons set forth in that opinion, Appellant's sole assignment is overruled. *Page 5 
 {¶ 14} The judgment of the Muskingum County Court of Common Pleas is affirmed.
[1] A Statement of the Facts underlying Appellant's conviction is not necessary to our disposition of this appeal; therefore, such shall not be included herein.
 Wise, J. and Edwards, J. concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1